# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | |
|---|---|
| **RICHARD D. JASPER** | **CIVIL ACTION NO. 13-2183-P** |
| **VERSUS** | **JUDGE FOOTE** |
| **WARDEN GOODWIN, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

### REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Richard D. Jasper ("Plaintiff"), pursuant to 42 U.S.C. § 1983.  This complaint was received and filed in this court on July 1, 2013.  Plaintiff is incarcerated at the David Wade Correctional Center in Homer, Louisiana, and claims his civil rights were violated by prison officials.  Plaintiff names Warden Goodwin, Warden Rochalle, Nurse Millwee, Dr. Hearn, and Dr. Fuller as defendants.

Plaintiff claims he was diagnosed with back problems in 1980.  He claims he has a degenerative condition in his lower back and arthritis with bone spurs.  Plaintiff claims that on December 20, 2012, he was transferred to David Wade Correctional Center.  He claims he informed the medical staff of his back problems, but they acted like they did not care. He claims he has problems with his back because of the different mattress and standing in

lines for long periods of time.  He claims he was placed on a work crew.  Plaintiff claims he is forced to stand in lines for long periods of time, walk on rough ground and up and down hills, run, bend over to pick up tree limbs, bend over with a hoe, and use a swing blade.  He claims these actions caused his back problems to worsen.

Plaintiff claims he made repeated sick calls because of his back problems.  He claims the medical staff will not acknowledge his disability, provide him with a back brace, refer him to a specialist, or issue a long term duty status.  He claims Dr. Hearn and Dr. Fuller stated there was nothing wrong with his back, even though doctors outside the prison said he has a serious degenerative lower back disability.  He claims the doctors make their evaluations of him based on x-rays and sick call reports.  He claims that at his intake evaluation, Dr. Hearne ordered the wrong x-rays.  He claims he was x-rayed lying down instead of standing up.  He claims Dr. Fuller made an incorrect evaluation of his x-rays and sick call reports.  Plaintiff claims he was seen by Nurse Millwee on February 18, 2013 and March 5, 2013, and by Warden Goodwin on June 13, 2013. Plaintiff claims that at his March 5, 2013 sick call, he was told there was nothing wrong with his back and was given a direct order to not file any more sick calls about his injuries.

 Plaintiff admits he was issued a short term duty status and given over the counter medications.  He claims the medical staff treated his symptoms and not the cause of his condition.

Plaintiff claims that because his back problems were disregarded by the medical staff, he suffers numbness in his legs several times a day because his vertebras are pressing on his

spinal column.  He claims he is in constant pain and cannot walk any distance without problems.  He claims he has difficulty bending and stooping.  He claims has cannot sleep.  He claims he may need surgery.

Plaintiff claims he has been retaliated against since he filed this complaint.  He claims he cannot see the doctors and his psoriasis medication has been stopped.  He claims he has not been issued a duty status.  He claims his dental work has not been completed.

Accordingly, Plaintiff seeks monetary compensation and declaratory relief.

## LAW AND ANALYSIS

**Medical Treatment**

Plaintiff claims he has been adequate treatment for his back problems.  Plaintiff filed this claim pursuant to 42 U.S.C. § 1983 of the Civil Rights Act which provides redress for persons "deprived of any rights, privileges or immunities" by a person acting under color of state law.  The particular right protected under 42 U.S.C. § 1983 in matters which concern alleged denial of or inadequate medical care is the Eighth Amendment prohibition against cruel and unusual punishment.

The lack of proper inmate medical care rises to the level of a constitutional deprivation under the Eighth Amendment of the United States Constitution only if the evidence shows that the prison officials showed "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976); See also Farmer v. Brennan, 511 U.S. 825, 835, 114 S. Ct. 1970, 1978 (1994).  It is only deliberate indifference, "an unnecessary and wanton infliction of pain" or an act "repugnant to the

conscience of mankind," that constitutes conduct proscribed by the Eighth Amendment. Estelle, 429 U.S. at 105-06, 97 S. Ct. at 292; See also Gregg v. Georgia, 428 U.S. 153, 96 S. Ct. 2909 (1976).  Further, the plaintiff must establish that defendants possessed a culpable state of mind.  See Wilson v. Seiter, 501 U.S. 294, 297-302, 111 S. Ct. 2321, 2323-27 (1991); Farmer, 511 U.S. at 838-47, 114 S. Ct. at 1979-84.  In addition, disagreement with the diagnostic measures or methods of treatment afforded by prison officials does not state a claim for Eighth Amendment indifference to medical needs. See Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997).

After a thorough review of Plaintiff's complaint, read in a light most favorable to him, the court finds that the facts alleged do not support a finding of deliberate indifference to serious medical needs.  To the contrary, the record demonstrates that Defendants were attentive to the medical needs of Plaintiff.  It has been consistently held that an inmate who has been examined by medical personnel fails to set forth a valid showing of deliberate indifference to serious medical needs.  Norton v. Dimazana, 122 F.2d 286, 292 (5th Cir. 1997);  Callaway v. Smith County, 991 F. Supp. 801, 809 (E.D. Tex. 1998); Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992).

Plaintiff admits that both Dr. Hearn and Dr. Fuller evaluated him.  He admits he made repeated sick call complaints about his back.  Plaintiff admits he was seen by Nurse Millwee on February 18, 2013 and March 5, 2013.  He admits he was seen by Warden Goodwin on June 13, 2013.  Plaintiff admits he was issued a short term duty status and given over the counter medications.  He admits the medical staff treated his symptoms.

Plaintiff's complaint is devoid of factual allegations that would tend to show Defendants acted with a culpable state of mind or that their actions were "unnecessary and wanton."

Plaintiff disagrees with the treatment plan that Defendants provided him.  He claims the medical staff treated his symptoms and not the cause of his condition.  He claims his x-rays should have been taken in a different  position.  He claims he should have been provided a back brace, referred to a specialist, and issued a long term duty status.  As previously discussed, disagreement with the diagnostic measures or methods of treatment afforded by prison officials does not state a claim for Eighth Amendment indifference to medical needs.

Plaintiff's allegations, if accepted as true, may amount to a state law claim for negligence, a tort.  However, mere negligence, neglect or medical malpractice does not amount to a denial of a constitutional right as these actions on the part of Defendants do not rise to the level of a constitutional tort. See Daniels v. Williams, 474 U.S. 327, 329-30, 106 S. Ct. 662, 664 (1986); Estelle, 429 U.S. at 106, 97 S. Ct. at 292; Lewis v. Woods, 848 F.2d 649, 651 (5th Cir. 1988).  The fact that Plaintiff does not believe that his medical treatment was as good as it should have been is not a cognizable complaint under the Civil Rights Act. See Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985).  Prisoners are not constitutionally entitled to the best medical care that money can buy. See Mayweather v. Foti, 958 F.2d. 91 (5th Cir. 1992).

Accordingly, Plaintiff's medical treatment claims should be dismissed with prejudice as frivolous.

**Retaliation Claims**

Plaintiff contends he has been retaliated against since he filed this complaint.  He claims he has not been allowed to see the doctors and his psoriasis medication has been stopped.  He claims he has not been issued a duty status.  He claims his dental work has not been completed.

Plaintiff has not exhausted his administrative remedies as to these retaliation claims prior to the filing of this complaint.  Congress has commanded that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a).  Section 1997e requires Plaintiff to properly exhaust available administrative remedies before filing a Section 1983 suit.  See Woodford v. Ngo, 126 S.Ct. 2378 (2006).  This exhaustion requirement requires proper exhaustion of administrative remedies in accordance with prison procedures, and an untimely or otherwise procedurally defective grievance or appeal will not suffice. Woodford, 126 S.Ct. 2378.  The Fifth Circuit has applied the requirement to claims such as the use of excessive force, see Wendell, 162 F.3d at 887, and denial of medical care. See Harris v. Hegmann, 198 F.3d 153 (5th Cir. 1999).  Failure to exhaust administrative remedies is an affirmative defense, and "inmates are not required to specifically plead or demonstrate exhaustion in their complaints." Jones v. Bock, 549 U.S. 199, 216 (2007).  However, dismissal may be appropriate when, the complaint on its face

establishes the inmate's failure to exhaust.  See <u>Carbe v. Lappin</u>, 492 F.3d 325, 328 (5th Cir.2007); <u>Hicks v. Lingle</u>, 370 Fed. Appx. 497, 498 (5th Cir.2010).

After reviewing Plaintiff's complaint, the court finds Plaintiff has failed to properly exhaust his administrative remedies regarding his retaliation claims.  Plaintiff filed this complaint prior to the occurrence of his alleged retaliation claims.

Accordingly, Plaintiff retaliation claims should be dismissed without prejudice for failure to exhaust administrative remedies.

## CONCLUSION

Because Plaintiff filed this proceeding <u>in forma pauperis</u> ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed.  <u>See</u> 28 U.S.C. § 1915(e); <u>Green v. McKaskle</u>, 788 F.2d 1116, 1119 (5th Cir. 1986); <u>Spears v. McCotter</u>, 766 F.2d 179, 181 (5th Cir. 1985).  District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact.  <u>See</u> <u>Hicks v. Garner</u>, 69 F.3d 22 (5th Cir. 1995); <u>Booker v. Koonce</u>, 2 F.3d 114 (5th Cir. 1993); <u>Neitzke v. Williams</u>, 490 U.S. 319, 109 S.Ct. 1827 (1989).

For the reasons heretofore stated, it is recommended that Plaintiff's medical treatment claims be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e) and his retaliation claims be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies  pursuant to 42 U.S.C. § 1997e(a).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the  time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party.  See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 6th day of April, 2016.

Mark L. Hornsby
U.S. Magistrate Judge